Exhibit A

Todd M. Friedman (216752)
Suren N. Weerasuriya (278512)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/20/2014** at 01:58:00 PM

Clerk of the Superior Court
By Maria Gina Barr, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE
## LIMITED JURISDICTION

CASEY BLOTZER,

Plaintiff,

vs.

PHILLIPS & COHEN ASSOCIATES, LTD.

Defendant.

Case No. 30-2014-00739703-CL-NP-CJC

FIRST AMENDED COMPLAINT FOR VIOLATION
OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Federal Fair Debt Collection Practices Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which both prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2. Plaintiff, Casey Blotzer ("PLAINTIFF"), is a natural person residing in Orange County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h) and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3. At all relevant times herein, Defendant, Phillips & Cohen Associates, Ltd. ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, DEFENDANT contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5. DEFENDANT routinely called from telephone number (866)321-2195.

6. DEFENDANT routinely attempted to contact PLAINTIFF at her home telephone number ending in -7299.

7. On or around May of 2014, DEFENDANT contacted PLAINTIFF regarding an alleged debt owed and left several message on PLAINTIFF's voicemail.

8. DEFENDANT routinely leaves the aforementioned messages on PLAINTIFF's voice message machine. The messages DEFENDANT leaves do not disclose who

Complaint - 2

DEFENDANT is or why they are calling PLAINTIFF. There is no meaningful disclosure of the Defendant's identity, as required under the law.

9. DEFENDANT attempted to contact PLAINTIFF with such frequency that it constitutes harassment under the circumstances.

10. Additionally, at all relevant times, DEFENDANT failed to send PLAINTIFF the required notices as explained by § 1692g(a) of the federal Fair Debt Collection Practices Act.

11. As a result of DEFENDANT'S actions, PLAINTIFF retained counsel. A notice of representation and request for validation of the debt was sent to DEFENDANT on April 16, 2014. DEFENDANT has failed to respond at this time.

12. The letter of representation being sent by the PLAINTIFF notwithstanding, DEFENDANT contacted PLAINTIFF regarding the alleged debt owed during most of the month of May, 2014.

13. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

14. DEFENDANT'S conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

    b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d);

f) Failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a));

g) Initiating communications, other than statements of account, with Plaintiff with regard to the consumer debt, where the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt, and such notice included the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, and where the attorney has not failed to answer correspondence, return telephone calls, or discuss the obligation in question. (Cal Civ Code § 1788.14(c));

h) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2));

i) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §1788.11(b));

j) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§1692d(6)); and

k) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including ... (§ 1692e(10)).

15. As a result of the above violations of the RFDCPA, PLAINTIFF suffered and continues to suffer injury to PLAINTIFF'S feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and DEFENDANT is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. PLAINTIFF reincorporates by reference all of the preceding paragraphs.

17. To the extent that DEFENDANT'S actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

18. PLAINTIFF reincorporates by reference all of the preceding paragraphs.

///
///
///
///
///
///
///
///

///

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

- A. Actual damages;
- B. Statutory damages for willful and negligent violations;
- C. Costs and reasonable attorney's fees; and
- D. For such other and further relief as may be just and proper

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 20th day of November, 2014.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for PLAINTIFF