Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorney for Phillips & Cohen Associates, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY BLOTZER,<br><br>            Plaintiff,<br>    vs.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>            Defendant. | Case No.: 15-CV-00214 JLS DFM<br><br>ANSWER TO FIRST AMENDED COMPLAINT |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, Phillips & Cohen Associates, Ltd. ("PCA"), by and through undersigned counsel, and for its Answer to Plaintiff's First Amended Complaint, states as follows:

### I. INTRODUCTION

1. PCA denies the allegations contained in ¶ 1.

### II. PARTIES

2. PCA denies the allegations contained in ¶ 2 for lack of sufficient information to justify a reasonable belief therein.

3. PCA admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788(c), its activities are regulated by the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act, respectively; except as specifically admitted, PCA denies the allegations contained in ¶ 3 for lack of sufficient information to justify a reasonable belief therein.

### III. FACTUAL ALLEGATIONS

4. PCA denies the allegations contained in ¶ 4.
5. PCA denies the allegations contained in ¶ 5.
6. PCA denies the allegations contained in ¶ 6.
7. PCA denies the allegations contained in ¶ 7.
8. PCA denies the allegations contained in ¶ 8.
9. PCA denies the allegations contained in ¶ 9.
10. PCA denies the allegations contained in ¶ 10.
11. PCA denies the allegations contained in ¶ 11.
12. PCA denies the allegations contained in ¶ 12.
13. The statute referenced in ¶ 13 speaks for itself, and that to the extent the allegations mischaracterize the same, they are denied.
14. PCA denies the allegations contained in ¶ 14.
    a. PCA denies the allegations contained in ¶14(a).
    b. PCA denies the allegations contained in ¶14(b).
    c. PCA denies the allegations contained in ¶14(c).
    d. PCA denies the allegations contained in ¶14(d).
    e. PCA denies the allegations contained in ¶14(e).

  f. PCA denies the allegations contained in ¶14(f).

  g. PCA denies the allegations contained in ¶14(g).

  h. PCA denies the allegations contained in ¶14(h).

  i. PCA denies the allegations contained in ¶14(i).

  j. PCA denies the allegations contained in ¶14(j).

  k. PCA denies the allegations contained in ¶14(k).

15. PCA denies the allegations contained in ¶ 15.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. In response to ¶ 16, PCA incorporates by reference its responses to ¶¶ 1 through 15 above. Except as expressly admitted in such responses, PCA denies the allegations of ¶ 16 and each and every paragraph referenced therein.

17. PCA denies the allegations contained in ¶ 17.

### PRAYER FOR RELIEF

PCA denies that Plaintiff is entitled to the relief sought.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. In response to ¶ 18, PCA incorporates by reference its responses to ¶¶ 1 through 17 above. Except as expressly admitted in such responses, PCA denies the allegations of ¶ 18 and each and every paragraph referenced therein.

### PRAYER FOR RELIEF

PCA denies that Plaintiff is entitled to the relief sought.

AND NOW, further answering the Complaint, PCA avers:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action against PCA upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, PCA alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that Plaintiff suffered any damages, which is denied, Plaintiff failed to mitigate her damages or take other reasonable steps to avoid or reduce their damages.

## FIFTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom PCA is not responsible or liable.

## SIXTH AFFIRMATIVE DEFENSE

PCA alleges Plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the complaint.

## SEVENTH AFFIRMATIVE DEFENSE

PCA alleges Plaintiff lacks standing to assert any claims against PCA.

WHEREFORE, PCA respectfully requests that:

1. Plaintiff takes nothing by way of her Complaint;

2. Judgment of dismissal be entered in favor of PCA;

3. PCA be awarded costs and attorney's fees incurred in defending this lawsuit.

4. PCA be granted such other and further relief as the Court deems just and proper.

Dated: February 13, 2015     SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Damian P. Richard*
Damian P. Richard
Attorney for Defendant
Phillips & Cohen Associates, Ltd.